**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0575-17T1

T.D. BANK, N.A.,

     Plaintiff-Respondent,

v.

SHREE SWAMINARAYAN
SATSANG MANDAL, INC.,

     Defendant-Appellant.

_____

Submitted September 12, 2018 – Decided September 18, 2018

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey,
Chancery Division, Somerset County, Docket No. F-
008076-17.

Veitengruber Law, LLC, attorneys for appellant
(George E. Veitengruber, III, on the brief).

Stark & Stark, PC, attorneys for respondent (Timothy
P. Duggan, of counsel and on the brief).

PER CURIAM

In this commercial foreclosure action, defendant Shree Swaminarayan Satsang Mandal, Inc., appeals from a June 27, 2017 Chancery Division order granting plaintiff T.D. Bank, N.A., summary judgment, striking its answer and affirmative defenses, deeming the dispute an uncontested foreclosure, and awarding a yield maintenance fee[1] of $1,280,700.52. Defendant also appeals from the August 22, 2017 final judgment. We affirm.

In December 2014, defendant executed a $3,250,000 note and a mortgage secured by real property in Somerset, New Jersey. The mortgage was duly recorded. In accordance with the terms of the note, defendant was obligated to make monthly payments toward principal and interest for fifteen years. The note also provided that if any required payment was not timely made, the entire principal, with unpaid interest and advances, would become immediately due and payable at plaintiff's option.

In addition, the note included a covenant addressing the consequence if the loan was prepaid or accelerated. In either circumstance, defendant explicitly agreed to pay, at plaintiff's option, a "fixed rate prepayment charge" equal to the

---

[1] Generally, a yield maintenance fee is a premium that permits a bank to recover the negotiated interest as if the borrower made all scheduled payments through the maturity of the loan. See, e.g., In re Vanderveer Estates Holdings, Inc., 283 B.R. 122, 126 (Bankr. E.D.N.Y. 2002).

greater of 1% of the principal balance being prepaid multiplied by the remaining term or a "yield maintenance fee" as determined by a formula clearly outlined in the note. Defendant conceded in the trial court that plaintiff correctly computed the yield maintenance fee.

Less than two years after executing the note, defendant defaulted by failing to timely pay the October and November 2016 installments. Plaintiff accordingly sent two separate default notices, which defendant addressed by making late payments. After defendant failed to make its February and March 2017 payments, plaintiff sent a third and a fourth default notice. It thereafter accelerated the note and filed a foreclosure complaint.

In accordance with Rule 4:46-1, plaintiff timely moved for summary judgment. Its motion contained a compliant statement of material facts, see Rule 4:46-2(a), and was further supported by the certification of Divyesh Kothari (Kothari), Vice-President of T.D. Bank, which satisfied Rule 1:6-6. Plaintiff sought to foreclose on the mortgage and requested damages for defendant's default under the note. Kothari certified to all relevant facts regarding the original loan, defendant's defaults, and plaintiff's damages. As to the $1,280,700.52 yield maintenance fee, Kothari precisely detailed the

computations supporting the yield maintenance fee in accordance with the formula outlined in the note.

Defendant opposed the motion, but failed to submit an opposing affidavit or certification of counsel or a corporate representative as required by Rule 4:46-5(a). However, in its response to plaintiff's statement of material facts, defendant admitted to: (1) executing the loan; (2) failing to make certain payments when due; (3) receiving all four default notices; (4) the inclusion of a prepayment premium in the form of a yield maintenance fee in the note; and (5) the accuracy of the calculations in the Kothari certification regarding the yield maintenance fee.

In its accompanying brief, defendant contended only that plaintiff's motion was premature, having been filed nine days after its answer. Defendant further claimed that despite the inclusion of the yield maintenance fee in the note, it was entitled to discovery because the "fee, coupled with the loan balance, is obviously quite significant." It vaguely sought to serve discovery "to determine the validity of [p]laintiff's overall case."

Judge Margaret Goodzeit granted plaintiff's motion for summary judgment. In her detailed written statement of reasons, Judge Goodzeit first concluded that plaintiff established a prima facie right to foreclose. She

explained that defendant's answer and response to plaintiff's statement of material facts failed to refute any of the prima facie elements of foreclosure and that defendant "[did] not submit any supporting affidavits" with its opposition to plaintiff's motion pursuant to Rule 4:46-5. In rejecting defendant's argument for additional discovery pertaining to the yield maintenance fee, Judge Goodzeit noted that defendant "[did] not indicate why the yield maintenance fee warrant[ed] discovery, especially considering the condition is expressly stated in the [n]ote." She further noted that defendant similarly failed to submit any competent facts to oppose enforcing the fee.

On appeal, defendant claims only that the trial court erred in granting summary judgment prior to permitting it to conduct discovery with respect to the yield maintenance fee.[2] Defendant argues that discovery should have been permitted "even if only to confirm the fee given its magnitude." After reviewing

_____

[2] Defendant has not raised in his merits brief any challenge to the trial court's ruling that plaintiff established both standing and a prima facie right to foreclose. Because these issues were not briefed, we consider them to be waived. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div. 2015); Fantis Foods v. N. River Ins. Co., 332 N.J. Super. 250, 266–67 (App. Div. 2000); Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6–2 (2018). In any event, the motion record clearly established both plaintiff's standing and prima facie right to foreclose.

the record, we are not persuaded by defendant's argument and affirm substantially for the reasons expressed by Judge Goodzeit. We add only these brief comments.

Summary judgment motions may be filed "at any time after the expiration of thirty-five days from the service of the pleading claiming such relief." R. 4:46-1. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). Under this rule, "[a]n issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.; see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995).

A motion for summary judgment shall be supported by a brief and statement of material facts that "cit[es] to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted." R. 4:46-2(a). An opponent must come forward with evidence creating a genuine issue of material fact to defeat a motion for summary judgment. Cortez v. Gindhart, 435

A-0575-17T1

N.J. Super. 589, 605 (App. Div. 2014) (quoting <u>Horizon Blue Cross Blue Shield of N.J. v. State</u>, 425 N.J. Super. 1, 32 (App. Div. 2012)).  Indeed, <u>Rule</u> 4:46-5(a) precludes a party opposing a properly supported summary judgment motion from resting upon the allegations or denials in the pleadings.  Rather, the opposing party:

> must respond by <u>affidavits</u> meeting the requirements of R. 1:6-6 … setting forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered unless it appears from the <u>affidavits</u> submitted, for reasons therein stated, that the party was unable to present by affidavit facts essential to justify opposition … .
>
> [<u>R.</u> 4:46-5(a) (emphasis added).]

Summary judgment is generally "inappropriate prior to the completion of discovery."  <u>Wellington v. Estate of Wellington</u>, 359 N.J. Super. 484, 496 (App. Div. 2003).  Further, "[w]hen 'critical facts are peculiarly within the moving party's knowledge,' it is especially inappropriate to grant summary judgment when discovery is incomplete."  <u>Velantzas v. Colgate-Palmolive Co.</u>, 109 N.J. 189, 193 (1988) (quoting <u>Martin v. Educ. Testing Serv., Inc.</u>, 179 N.J. Super. 317 (Ch. Div. 1981)).  However, a party claiming summary judgment is premature must "demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action."

Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) (citation omitted); see also Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007) ("A party opposing summary judgment on the ground that more discovery is needed must specify what further discovery is required, rather than simply asserting a generic contention that discovery is incomplete.").

This court "employ[s] the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998); Paff v. Div. of Law, 412 N.J. Super. 140, 149 (App. Div. 2010). In doing so, "we consider whether there are any material factual disputes and, if not, whether the facts viewed in the light most favorable to the non-moving party would permit a decision in that party's favor on the underlying issue." Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007). Accordingly, "[o]ur review of the trial court's grant of summary judgment is de novo." N.J. Div. of Taxation v. Selective Ins. Co. of Am., 399 N.J. Super. 315, 322 (App. Div. 2008); Chance v. McCann, 405 N.J. Super. 547, 563 (App. Div. 2009).

Under New Jersey law, when a note clearly and unambiguously includes language that provides for a prepayment premium, even upon acceleration by the mortgagee, and the parties to the contract are sophisticated in commercial

loans, then the prepayment provision is presumed valid and enforceable. Westmark Commercial Mortg. Fund IV v. Teenform Associates, L.P., 362 N.J. Super. 336, 347 (App. Div. 2003). However, a prepayment premium, like late fees and default interest rates, must be reasonable under the totality of the circumstances. Mony Life Ins. Co. v. Paramus Parkway Bldg., LT.D, 364 N.J. Super. 92, 103 (App. Div. 2003). As the Westmark court explained:

> [W]e can perceive no reason why the debtor should be relieved of the terms of the contract freely entered into. The terms were clear and unambiguous, the parties clearly experienced and sophisticated in loan transactions of this type. The certainty of the remedy provided by the clause undoubtedly affected the pricing of the loan. If we were to deem the clause unenforceable, we would be providing defendants with a better contract than they were able to negotiate for themselves; we decline to do so.
>
> [Westmark, 362 N.J. Super. at 347.]

See also Metlife Capital Fin. Corp. v. Wash. Ave. Assocs., L.P., 159 N.J. 484, 493–95 (1999); Norwest Bank Minn., N.A. v. Blair Rd. Assocs., L.P., 252 F. Supp. 2d 86, 93–94 (D.N.J. 2003).

Defendant's challenge to the yield maintenance fee and its claim that Judge Goodzeit improperly decided the summary judgment motion without permitting discovery is without merit. Here, defendant failed to submit an affidavit as required by Rule 4:46-5(a) to establish the existence of a factual

9

question with respect to the yield maintenance fee or to address any issue raised by the Kothari certification. Nor did defendant submit an affidavit attesting to the discovery needed "peculiarly within the moving party's knowledge." Martin, 179 N.J. Super. at 326. And while plaintiff filed its summary judgment motion shortly after defendant's answer, as permitted by Rule 4:46-1, nothing precluded defendant from propounding discovery prior to the trial court's June 27, 2017 ruling, if for no other purpose to highlight the precise discovery needed. In sum, defendant failed to demonstrate with particularity the likelihood that discovery "will supply the missing elements of the cause of action." Badiali, 220 N.J. at 555. Finally, any evidence of unreasonableness, or sharp practices with respect to the yield maintenance fee, was not exclusively within plaintiff's knowledge. Rather, as a signatory to the loan, defendant could have attested to any lack of sophistication or unreasonableness that would have warranted discovery on the yield maintenance fee.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0575-17T1